UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BORU GUYE WAKO, JR.,<br><br>Defendant. | 4:23-CR-40128-KES<br><br><br>ORDER DENYING MOTION TO DISMISS |

Defendant, Boru Guye Wako, Jr., moves to dismiss Count 1 of the Superseding Indictment that charges him with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). Docket 42; Docket 52. Wako contends that, because he is not a convicted felon as defined under South Dakota law, he is not subject to the provisions of § 922(g)(1). Docket 53 at 1. The government opposes Wako's motion. Docket 55. For the following reasons, Wako's motion to dismiss is denied.

**ALLEGED FACTS**

For the purposes of this motion to dismiss, the court considers the following allegations, which were summarized by the parties in their briefs. *See* Docket 53; Docket 55. But the court reaffirms that Wako remains innocent of the charges against him, and the court takes no position on the question of his guilt or the veracity of any factual allegation presented by the government. *See Taylor v. Kentucky*, 436 U.S. 478, 483 (1978) ("The principle that there is a

presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary.") (quoting *Coffin v. United States*, 156 U.S. 432, 453 (1895)).

    In 2017, Wako was convicted in a South Dakota court of felony escape, Docket 55 at 5, and was discharged from the South Dakota Department of Corrections in February of 2021, Docket 53-1. In December 2022, a jury found Wako guilty of felony aggravated eluding in South Dakota state court. *Id.* at 4; Docket 55 at 7. Wako has yet to be sentenced in that case. Docket 53 at 4; Docket 55 at 7.

    In March 2023, Sioux Falls law enforcement attempted to pull over a vehicle that matched the description of a recently stolen vehicle. Docket 55 at 1. Instead of pursuing the fleeing vehicle in a residential area, law enforcement waited nearby, anticipating the vehicle's return. *Id.* at 2. Indeed, the vehicle returned, and law enforcement watched as a man, later identified as Wako, exited the vehicle and fled the scene on foot. *Id.* Law enforcement then saw Wako enter the driver's side of a different vehicle and drive away. *Id.* Law enforcement returned to the allegedly stolen vehicle Wako had abandoned and searched it. *Id.* On the driver's side door, police found a handgun that was later identified as stolen. *Id.*

    A federal indictment was returned against Wako in November 2023 that charged him with possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1) and receipt of a firearm while under indictment in violation of § 922(n). Docket 1. The government filed a motion to dismiss Count

1 of the Indictment that charged Wako under § 922(g)(1). Docket 24. The court granted the government's motion. Docket 25. Wako then moved to dismiss Count 2 of the Indictment that charged Wako under § 922(n), Docket 35, but the court denied the motion, Docket 41.

The government filed a Superseding Indictment in November 2024, again charging Wako under both 18 U.S.C. §§ 922(g)(1) and 922(n). Docket 42. Wako now moves to dismiss Count 1 of the Superseding Indictment that charges him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Docket 52.

## DISCUSSION

Wako makes two arguments in support of his motion to dismiss Count 1 of the Superseding Indictment. First, Wako contends that, because all of his civil rights were previously restored under 18 U.S.C. § 921(a)(20) after he was discharged from the South Dakota Department of Corrections in February of 2021, he cannot be charged under § 922(g)(1). *See* Docket 53 at 3; Docket 56 at 1-3. Second, even though a jury found him guilty of aggravated eluding in December 2022, Wako argues that he has not been "convicted" of that offense for purposes of § 922(g)(1). Docket 53 at 4-5. Wako maintains that a defendant is "convicted" only when "sentenced and adjudicated" by a court. *Id.* at 4. The government disagrees and states that Wako's civil rights have not been restored sufficient to invoke § 921(a)(20). *See* Docket 55 at 6-7. The government also argues that the guilty verdict entered against Wako in 2022 is

3

considered a felony "conviction" under South Dakota law and thus falls squarely within the purview of § 922(g)(1). *See id.* at 7-8.

The court need not decide the issue of whether Wako's civil rights were restored sufficient to invoke § 921(a)(20) because, even if they were, the guilty verdict entered against Wako in 2022 for felony aggravated eluding is sufficient for the government to sustain a conviction under § 922(g)(1). Section 922(g)(1) makes it unlawful for any person who has been convicted of "a crime punishable by imprisonment for a term exceeding one year" to "possess in or affecting commerce, any firearm or ammunition." 18 U.S.C. § 922(g)(1). To be a felon in possession under § 922(g)(1), the defendant must have been previously convicted of a "crime punishable by imprisonment for a term exceeding one year," *id.*, excluding "any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less." 18 U.S.C. § 921(20)(B). "What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." 18 U.S.C. § 921(20). Thus, the court looks to South Dakota law to determine whether a finding of guilt at trial is considered a "conviction" for the purposes of § 922(g)(1).

The South Dakota State Supreme Court interprets "conviction" under its ordinary legal meaning, which is defined as "the establishment of guilt prior to and independently of judgment and sentence by a verdict of guilty or a plea of guilty." *State v. Arguello*, 548 N.W.2d 463, 465 n.2 (S.D. 1996) ("This Court has

chosen to apply the ordinary legal definition of conviction when interpreting statutes . . . and we do so in this case.").

Applying that definition here, the court finds that Wako was a convicted felon for the purposes of § 922(g)(1) when the jury found him guilty of felony aggravated eluding in December 2022. This is true even though Wako has yet to be sentenced. It follows, then, that Wako was a convicted felon on March 8, 2023, when he allegedly possessed a firearm as alleged in the Superseding Indictment. *See* Docket 42; *see also* SDCL § 32-33-18.2 (stating that aggravated eluding is a Class 6 felony); SDCL § 22-6-1 (stating, in relevant part, that the maximum penalty for a Class 6 felony is two years imprisonment). Because Wako was a convicted felon on March 8, 2023, when he allegedly possessed a firearm, there is a sufficient factual basis for the government to charge him under § 922(g)(1). Thus, Wako's motion to dismiss Count 1 is denied.

## CONCLUSION

For the above reasons, it is

ORDERED that Wako's motion to dismiss Count 1 of the Superseding Indictment (Docket 52) is denied.

Dated March 25, 2025.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE